UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Nos. 11-229(1) (JNE) and 11-232 (JNE/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAVID JAMES COOK,

        Defendant,

**ORDER OF REVOCATION AND DETENTION**

On September 10, 2024, David James Cook appeared for a detention hearing in the District of Minnesota on a petition for pretrial release revocation. Mr. Cook was present and represented by Assistant Federal Defender Robert Meyers, Esq. Assistant United States Attorney Rebecca E. Kline represented the United States. This Order sets forth the Court's findings of fact and conclusions of law with respect to revocation of Mr. Cook's pretrial release.

## **FINDINGS OF FACT**

1. Mr. Cook is alleged to have violated the terms of his pretrial release by failing to remain in contact with his probation officer while at a residential reentry center. At Mr. Cook's initial appearance, the United States made an oral motion for detention, arguing he poses a risk of non-appearance. The United States Probation Office recommended detention.

2. Mr. Cook waived his right to a hearing on probable cause but exercised his right to a hearing on the issue of detention or release. The government called U.S. Probation Officer Ivy Kuhn to testify. Officer Kuhn supervises Mr. Cook and testified that Mr. Cook was placed on pretrial release on April 26, 2024 in connection with a petition for violation of the terms of his supervised release. Mr. Cook was alleged to have violated the terms of his supervised release by failing to report to his probation officer on several occasions, failing to complete a substance abuse evaluation, and by committing a new crime.  At a preliminary revocation and detention hearing on April 26, 2024, the parties jointly agreed to recommend that Mr. Cook remain in custody until he could be placed in a residential reentry center pending a final revocation hearing.  The Court accepted this recommendation and Mr. Cook was returned to custody and ultimately placed in a residential reentry center on June 7, 2024.

Officer Kuhn testified that Mr. Cook was approved to be absent from the residential reentry center for several periods in the summer of 2024, including for a medical procedure between July 8, 2024 and July 11, 2024. Officer Kuhn testified that Mr. Cook requested extensions of his leave to recover at home until July 14, 2024, which she approved.  On July 14, Mr. Cook did not return to the residential reentry center as required and his placement was terminated as a result. Mr. Cook did not contact Officer Kuhn during this time and Officer

Kuhn's efforts to reach Mr. Cook went unanswered. Mr. Cook's whereabouts were unknown until he was arrested on the associated warrant in September 2024.

## DISCUSSION

The appropriate analysis for deciding the issue of revoking pretrial release is governed by 18 U.S.C. § 3148(b). The statute provides that a judicial officer "shall enter an order of revocation and detention if, after a hearing, the judicial officer—

> **(1)** finds that there is—
> **(A)** probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
> **(B)** clear and convincing evidence that the person has violated any other condition of release; and
>
> **(2)** finds that—
> **(A)** based on the factors set forth in [section 3142(g) of this title](), there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
> **(B)** the person is unlikely to abide by any condition or combination of conditions of release."

The Court must detain Mr. Cook upon a finding that there is clear and convincing evidence of a violation, and that either there are no conditions that can be crafted to assure that the person will not flee or that he is unlikely to abide by conditions of release.

Here, the Court finds that there is clear and convincing evidence that

Mr. Cook has violated the conditions of his pretrial release. The Court also finds that based on the factors in 18 U.S.C. § 3142(g), there is no condition or combination of conditions of release that will assure Mr. Cook's appearance. The Court notes that Mr. Cook was aware of the important requirement that he remain in touch with his probation officer while at the residential reentry center. Mr. Cook was specifically informed of this requirement at the prior preliminary revocation hearing. The Court is not convinced that Mr. Cook will continue to abide by the conditions that he remain in touch with Probation or that he will appear for court if released to the community.

Therefore, the Court concludes Mr. Cook poses a risk of non-appearance.

## **CONCLUSION**

The Court concludes that no condition or combination of conditions of bond will reasonably ensure Mr. Cook's appearance. Accordingly,

IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of David James Cook is granted;

2. That Mr. Cook is committed to the custody of the United States Marshal;

3. That Mr. Cook shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which Mr. Cook is confined shall deliver his to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: September 12, 2024                *s/ Dulce J. Foster*
                                                                The Hon. Dulce J. Foster
                                                                United States Magistrate Judge